Chant Yedalian, State Bar No. 222325
(chant@chant.mobi)
CHANT & COMPANY
A Professional Law Corporation
1010 N. Central Ave.
Glendale, CA 91202
Phone: 877.574.7100
Fax: 877.574.9411

Counsel for Plaintiff
Patrick Lim

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK LIM, on behalf of himself and all others similarly situated, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| PACIFIC GATEWAY CONCESSIONS LLC, and DOES 1 through 100, inclusive, | **CLASS ACTION** |
| Defendants. | [Violations of 15 U.S.C. §§ 1681 *et seq.*] |

Plaintiff, by his counsel of record, brings this action on his own behalf and on behalf of all others similarly situated, and alleges the following upon personal knowledge, or where there is not personal knowledge, upon information and belief:

1

## INTRODUCTION

2    1.    Plaintiff on behalf of himself and all others similarly situated brings

3 this action against PACIFIC GATEWAY CONCESSIONS LLC ("PGC"), and

4 DOES 1 through 100 (all named and DOE defendants collectively referred to as

5 "Defendants") based on Defendants' violations of the Fair and Accurate Credit

6 Transactions Act ("FACTA"), 15 U.S.C. §§ 1681 *et seq.*

7    2.    FACTA provides in relevant part that "**no person** that accepts credit

8 cards or debit cards for the transaction of business **shall print more than the last**

9 **5 digits of the card number <u>or</u> the expiration date upon any receipt provided**

10 **to the cardholder at the point of the sale or transaction**."   15 U.S.C. §

11 1681c(g).

12    3.    The law gave merchants who accept credit and or debit cards up to

13 three years to comply with its requirements, requiring full compliance with its

14 provisions no later than December 4, 2006.  Although Defendants had up to three

15 years to comply, Defendants have willfully violated this law and failed to protect

16 Plaintiff and others similarly situated against identity theft and credit and debit

17 card fraud by printing more than the last 5 digits of the card number on receipts

18 provided to credit card and debit card cardholders transacting business with

19 Defendants.  More specifically, Defendants printed the first 6 digits and the last

20 4 digits of the card number on the credit card and debit card receipts. This

21 conduct is in direct violation of FACTA.

22    4.    Nor is Defendants' willful violation of FACTA a trifling matter. In

23 the statement provided during his signing of FACTA in 2003, the President

24 underscored the importance of the legislation in combating rampant identity theft:

25    "This bill also confronts the problem of identity theft.  A growing

26    number of Americans are victimized by criminals who assume their

27    identities and cause havoc in their financial affairs.   With this

28

1    legislation, the Federal Government is protecting our citizens by

2    taking the offensive against identity theft."

3        5.    Courts have likewise emphasized the purpose of FACTA.   For

4    example, the Ninth Circuit recently explained that "In fashioning FACTA,

5    Congress aimed to 'restrict the amount of information available to identity

6    thieves.' 149 Cong. Rec. 26,891 (2003) (statement of Sen. Shelby)."   *Bateman*

7    *v. American Multi-Cinema, Inc.*, 623 F.3d 708, 718 (9th Cir. 2010).

8        6.    Similarly, the Seventh Circuit recently explained the "Identity theft

9    is a serious problem, and FACTA is a serious congressional effort to combat it."

10   *Redman v. Radioshack Corp.*, 768 F.3d 622, 626-627, 639 (7th Cir. 2014).

11       7.    Despite the significance of FACTA, Defendants have a history of

12   violating FACTA.  For example, defendant PGC was previously sued and actively

13   litigated a FACTA case filed against it in 2014 which accused it of violating

14   FACTA by printing the card expiration date on credit and debit card receipts

15   provided to its customers.  That case, entitled *Rachel Hochstetler, et al. v. Pacific*

16   *Gateway Concessions LLC, et al.,* Case No. 3:14-cv-04748-TEH ("*Hochstetler*"),

17   was filed on October 24, 2014 and litigated in the United States District Court for

18   the Northern District of California before Judge Thelton E. Henderson.   A class-

19   wide settlement was reached in *Hochstetler* whereby PGC was required, among

20   other things, to make benefits available to the settlement class and to implement

21   a written policy which states that it will not print more than the last five digits of

22   the credit or debit card number nor the credit or debit card expiration date upon

23   any printed receipt provided to any customer that uses a credit or debit card to

24   transact business at any of its stores.  Judge Henderson approved the class-wide

25   settlement and entered judgment in the *Hochstetler* FACTA case on June 7, 2016

26   whereby, among other things, Judge Henderson directed the parties to effectuate

27   all terms of the settlement.

28

8.  Although judgment was entered in the *Hochstetler* FACTA case on June 7, 2016,  Defendants thereafter engaged in a new round of FACTA violations against Plaintiff and other similarly situated customers.

9.  In sum, Defendants have violated FACTA, and have thereby placed the security of Plaintiff and similarly situated Class members at risk. As a result of Defendants' unlawful practice of violating FACTA's provisions intended to safeguard against identity theft and credit and debit card fraud, Plaintiff seeks, on behalf of himself and the Class, statutory damages, punitive damages, costs and attorney fees, all of which are expressly made available by statute, 15 U.S.C. §§ 1681 *et seq.*

## JURISDICTION

10.  This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168lp.

## VENUE

11.  Plaintiff's claims asserted herein arose in this judicial district and all Defendants do business in and reside in this judicial district.

12.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c) in that PGC has done and continues to do business, and intentionally avails itself of the markets within this district, including South San Francisco, California, it owns, manages, maintains, and or operates several physical retail stores within this district, it is headquartered in South San Francisco, and this is a class action case in which a substantial part of the acts and omissions giving rise to the claims occurred within this judicial district.

## INTRADISTRICT ASSIGNMENT

13.    Pursuant to Civil L.R. 3-2(c) and L.R. 3-5(b), this action should be assigned to the San Francisco Division of this Court because PGC is headquartered in South San Francisco and, as such, one or more counties identified in Civil L.R. 3-2(e) for the San Francisco Division are each a county in which a substantial part of the events or omissions which give rise to Plaintiff's and the Class' claims occurred.  Moreover, the earlier *Hochstetler* FACTA case against PGC was assigned to the San Francisco Division of this Court and was prosecuted through judgment before Judge Henderson.

## PARTIES

14.    Plaintiff, PATRICK LIM, is and at all times relevant hereto was a resident of the State of California.

15.    Defendant PACIFIC GATEWAY CONCESSIONS LLC is a limited liability company organized and existing under the laws of the State of California. PACIFIC GATEWAY CONCESSIONS LLC owns, manages, maintains and or operates retail stores offering various goods and services for sale to the public.

16.    At all times mentioned in this Complaint, Defendants and each of them were the agents, employees, joint venturer, and or partners of each other and were acting within the course and scope of such agency, employment, joint venturer and or partnership relationship and or each of the Defendants ratified and or authorized the conduct of each of the other Defendants.

17.    Plaintiff does not know the true names and capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes that each of the DOE defendants was in some manner legally responsible for the wrongful and unlawful conduct and harm alleged herein.   Plaintiff will amend this

Complaint to set forth the true names and capacities of these defendants when they have been ascertained, along with appropriate charging allegations.

## CLASS ACTION ALLEGATIONS

18.    Plaintiff brings this class action on behalf of himself and all other persons similarly situated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

19.    The class which Plaintiff seeks to represent is defined as:

All consumers to whom Defendants, within two years from the date of filing this action, provided an electronically printed receipt at the point of a sale or transaction at any of Defendants' stores in the United States, on which receipt Defendants printed more than the last 5 digits of the consumer's credit card or debit card (the "Class").[1]

20.    Excluded from the Class are Defendants and each of their directors, officers, and employees.  Also excluded from the Class are any justice, judge, or magistrate judge assigned to this action or who presides over any proceeding concerning this action, and any such justice's, judge's, or magistrate judge's spouse, or a person within the third degree of relationship to any of them, or the spouse of such a person.

21.    Numerosity (Fed. R. Civ. P. 23(a)(1)):  The Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of their claims through this class action will benefit both the parties and this Court.

22.    Plaintiff is informed and believes and thereon alleges that there are, at a minimum, thousands (*i.e.*, two thousand or more) of members that comprise

---

[1] Plaintiff reserves the right to amend or otherwise modify the Class definition and or add subclasses.

1  the Class.

2      23.    The exact size of the Class and identities of individual members

3  thereof are ascertainable through Defendants' records, including but not limited

4  to Defendants' sales and transaction records.

5      24.    Members of the Class may be notified of the pendency of this action

6  by techniques and forms commonly used in class actions, such as by published

7  notice, e-mail notice, website notice, first-class mail, or combinations thereof, or

8  by other methods suitable to this class and deemed necessary and or appropriate

9  by the Court.

10      25.    Typicality (Fed. R. Civ. P. 23(a)(3)): Plaintiff's claims are typical of

11  the claims of the entire Class.  The claims of Plaintiff and members of the Class

12  are based on the same legal theories and arise from the same unlawful conduct.

13      26.    Plaintiff and members of the Class were each customers of

14  Defendants, each having made a purchase or transacted other business with

15  Defendants within two years from the date of filing this action, using a credit and

16  or debit card.  At the point of such sale or transaction with Plaintiff and members

17  of the Class, Defendants provided to Plaintiff and each member of the Class a

18  receipt in violation of 15 U.S.C. §1681c(g) (*i.e.*, a receipt on which is printed

19  more than the last 5 digits of the credit card or debit card).

20      27.    Common Questions of Fact and Law (Fed. R. Civ. P. 23(a)(2) and

21  (b)(3)):  There are a well-defined community of interest and common questions

22  of fact and law affecting the members of the Class.

23      28.    The questions of fact and law common to the Class predominate over

24  questions which may affect individual members and include the following:

25          (a)    Whether Defendants' conduct of providing Plaintiff and the

26  Class with sales or transaction receipts whereon Defendants printed more than the

27  last 5 digits of the credit card or debit card violated the FACTA, 15 U.S.C. §§

28

1681 *et seq.*;

        (b)     Whether Defendants' conduct was willful; and

        (c)     Whether Plaintiff and the Class are entitled to statutory damages, punitive damages, costs and or attorney fees for Defendants' acts and conduct.

    29.   <u>Adequacy of Representation</u> (Fed. R. Civ. P. 23(a)(4)):  Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class which Plaintiff seeks to represent.  Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

    30.   <u>Superiority</u> (Fed. R. Civ. P. 23(b)(1) and 23(b)(3)):  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class.  While the aggregate damages which may be and if awarded to the Class are likely to be substantial, the actual damages suffered by individual members of the Class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them.  The likelihood of individual Class members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

1

**FIRST CAUSE OF ACTION**

2

**For Violation of 15 U.S.C. §§ 1681 *et seq*.**

3

**(On Behalf of Plaintiff and the Class**

4

**as against all Defendants including DOES 1 through 100)**

5    31.    Plaintiff hereby incorporates by reference the allegations contained

6    in this Complaint.

7    32.    Plaintiff asserts this claim on behalf of himself and on behalf of the

8    Class against Defendants and each of them.

9    33.    Title 15 U.S.C. § 1681c(g)(1) provides that:

10    "**no person** that accepts credit cards or debit cards for the

11    transaction of business **shall print more than the last 5 digits of**

12    **the card number** or the expiration date **upon any receipt provided**

13    **to the cardholder** at the point of the sale or transaction."

14    34.    By its express terms, 15 U.S.C. § 1681c(g)(1) applies to "any cash

15    register or other machine or device that electronically prints receipts for credit

16    card or debit card transactions" after December 3, 2006 (15 U.S.C. §

17    1681c(g)(3)).

18    35.    Defendants transact business in the United States and accept credit

19    cards and or debit cards in the course of transacting business with persons such

20    as Plaintiff and members of the Class.  In transacting such business, Defendants

21    use cash registers, in-store kiosks and or other machines or devices that

22    electronically print receipts for credit card and or debit card transactions.

23    36.    After judgment was entered in the *Hochstetler* FACTA case on June

24    7, 2016, Defendants, at the point of a sale or transaction with Plaintiff  PATRICK

25    LIM, provided Plaintiff PATRICK LIM with one or more electronically printed

26    receipts on each of which Defendants printed more than the last 5 digits of his

27    credit card or debit card number and his name as it appears on his card.

28

37.     After December 3, 2006, and within two years from the date of filing this action, Defendants, at the point of a sale or transaction with members of the Class, provided each member of the Class with one or more electronically printed receipts on each of which Defendants printed, for each respective Class member, more than the last 5 digits of the credit card or debit card number.

38.     As set forth above, FACTA was enacted in 2003 and gave merchants who accept credit and or debit cards up to December 4, 2006 to comply with its requirements.

39.     Defendants and each of them knew of and were well informed about the law, including specifically FACTA's requirements concerning the truncation of credit and debit card numbers and prohibition on the printing of expiration dates.

40.     Indeed, as explained above, defendant PGC was previously sued and actively litigated a FACTA case filed against it in 2014 which accused it of violating FACTA by printing the card expiration date on credit and debit card receipts provided to its customers.  That case, entitled *Rachel Hochstetler, et al. v. Pacific Gateway Concessions LLC, et al.,* Case No. 3:14-cv-04748-TEH ("*Hochstetler*"), was filed on October 24, 2014 and litigated in the United States District Court for the Northern District of California before Judge Thelton E. Henderson.   A class-wide settlement was reached in *Hochstetler* whereby PGC was required, among other things, to make benefits available to the settlement class and to implement a written policy which states that it will not print more than the last five digits of the credit or debit card number nor the credit or debit card expiration date upon any printed receipt provided to any customer that uses a credit or debit card to transact business at any of its stores.  Judge Henderson approved the class-wide settlement and entered judgment in the *Hochstetler* FACTA case on June 7, 2016 whereby, among other things, Judge Henderson

1    directed the parties to effectuate all terms of the settlement.

2        41.    As additional examples, but without limitation, several years ago,

3    VISA, MasterCard, the PCI Security Standards Council (a consortium founded

4    by VISA, MasterCard, Discover, American Express and JCB), companies that sell

5    cash register and other devices for the processing of credit or debit card

6    payments, companies that sell software to operate payment card devices,

7    companies that maintain and repair hardware or software used to process payment

8    card transactions, and other entities informed Defendants, and each of them,

9    about FACTA, including its specific requirements concerning the truncation of

10   credit and debit card numbers and prohibition on the printing of expiration dates,

11   and Defendants' need to comply with same.

12       42.    Other entities, including but not limited to Defendants' merchant

13   bank (also known as the acquiring bank or acquirer) which processes credit and

14   debit card payments for transactions occurring at Defendants' stores, likewise

15   informed Defendants and each of them about FACTA, including its specific

16   requirements concerning the truncation of credit and debit card numbers and

17   prohibition on the printing of expiration dates, and Defendants' need to comply

18   with same.

19       43.    In addition, many companies such as VISA and MasterCard devised

20   and implemented policies well before the operative date of FACTA's

21   requirements, wherein such policies VISA, MasterCard and others required

22   Defendants (and informed Defendants of the requirements) to truncate credit and

23   debit card numbers and prevent the printing of expiration dates on receipts. In

24   addition, these companies also publically announced some of these requirements.

25   For example, on March 6, 2003, VISA USA's CEO, Carl Pascarella, held a press

26   conference on Capitol Hill with Senators Dianne Feinstein, Judd Gregg, Jon

27   Corzine and Patrick Leahy, and publically announced Visa USA's new truncation

28

policy to protect consumers from identity theft. At the March 2003 press conference, Mr. Pascarella explained, as follows:

"Today, I am proud to announce an additional measure to combat identity theft and protect consumers. **Our new receipt truncation policy will soon limit cardholder information on receipts to the last four digits of their accounts. The card's expiration date will be eliminated from receipts altogether.** This is an added security measure for consumers that doesn't require any action by the cardholder. We are proud to be the first payments brand to announce such a move to protect cardholders' identities by restricting access to their account information on receipts.

**The first phase of this new policy goes into effect July 1, 2003 for all new terminals.** I would like to add, however, that even before this policy goes into effect, **many merchants have already voluntarily begun truncating receipts, thanks to groundwork that we began together several years ago**.

Receipt truncation is good news for consumers, and bad news for identity thieves. Identity thieves thrive on discarded receipts and documents containing consumers' information such as payment account numbers, addresses, Social Security numbers, and more. Visa's new policy will protect consumers by limiting the information these thieves can access."

44. Moreover, the Government, through the Federal Trade Commission ("FTC"), provided notice to businesses on no less than three separate occasions in 2007 reminding them of the requirement to truncate credit and debit card information on receipts. Defendants were informed of and knew about these notices from the FTC. In one such notice, entitled "FTC Business Alert" "Slip

Showing? Federal Law Requires All Businesses to Truncate Credit Card Information on Receipts," and dated May 2007, the FTC reminded businesses, among other things, of the following:

> "What's on the credit and debit card receipts you give your customers?  The Federal Trade Commission (FTC), the nation's consumer protection agency, says it's time for companies to check their receipts and make sure they're complying with a law that's been in effect for all businesses since December 1, 2006.

> According to the federal Fair and Accurate Credit Transaction Act (FACTA), the electronically printed credit and debit card receipts you give your customers must shorten — or truncate — the account information. **You may include no more than the last five digits of the card number**, and you must delete the card's expiration date. For example, a receipt that truncates the credit card number and deletes the expiration date could look like this:

> ACCT:***********12345

> EXP:****

> Why is it important for businesses to make sure they're complying with this law?  Credit card numbers on sales receipts are a "golden ticket" for fraudsters and identity thieves.  Savvy businesses appreciate the importance of protecting their customers — and themselves — from credit card crime."

45.    Defendants' violations of FACTA were not accidental oversights. The electronic printing of more than the last 5 digits of a debit or credit card number on a customer receipt does not occur by accident.  Electronic receipt printing equipment must be intentionally programmed or otherwise intentionally configured to print more than the last 5 digits of a debit or credit card number on

a customer receipt.

46.    Thus, despite knowing and being repeatedly informed about FACTA and the importance of truncating credit and debit card numbers and preventing the printing of expiration dates on receipts, and despite having had over three years to comply with FACTA's requirements, Defendants knowingly willfully, intentionally, and recklessly violated FACTA's requirements by, *inter alia*, printing more than the last 5 digits of the card number upon the receipts provided to the credit card and debit card cardholders with whom they transact business.

47.    Many of Defendants' business peers and competitors brought their credit and debit card receipt printing processes in compliance with FACTA's requirements by, for example, programming their card machines and devices to prevent them from printing more than the last five digits of the card number and or the expiration date upon the receipts provided to the cardholders. Defendants could have readily done the same and should have done the same particularly given the earlier *Hochstetler* FACTA case against PGC and corresponding judgment.

48.    Instead, Defendants knowingly, willfully, intentionally, and recklessly disregarded FACTA's requirements and used cash registers, kiosks and or other machines or devices that printed receipts in violation of FACTA.

49.    Defendants knowingly, willfully, intentionally, and recklessly violated FACTA in conscious disregard of the rights of Plaintiff and the Class.

50.    Defendants have also harmed Plaintiff and the Class by exposing them to at least an increased risk of identity theft and credit and or debit card fraud.

51.    As a result of Defendants' willful violations of FACTA, Defendants are liable to Plaintiff and each member of the Class in the statutory damage amount of "not less than $100 and not more than $1,000" for each violation. 15

1    U.S.C. § 1681n.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

1.    An order certifying the Class and appointing Plaintiff as the representative of the Class, and appointing counsel of record for Plaintiff as counsel for the Class;

2.    An award to Plaintiff and the Class of statutory damages pursuant to 15 U.S.C. § 1681n for Defendants' willful violations (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

3.    An award to Plaintiff and the Class of punitive damages pursuant to 15 U.S.C. § 1681n  (up to but not exceeding the fullest extent allowed under the Constitution of the United States);

4.    Payment of costs of suit herein incurred pursuant to, *inter alia*, 15 U.S.C. § 1681n;

5.    Payment of reasonable attorney's fees pursuant to, *inter alia*, 15 U.S.C. § 1681n; and

6.    For such other and further relief as the Court may deem proper.


Dated: March 18, 2017                 CHANT & COMPANY
                                      A Professional Law Corporation


                                      By:___/S/  Chant Yedalian___
                                         CHANT YEDALIAN
                                         Counsel for Plaintiff

1    **<u>DEMAND FOR JURY TRIAL</u>**

2    Plaintiff demands a trial by jury on all claims so triable.

3

4

5

6    Dated: March 18, 2017                         CHANT & COMPANY
                                                    A Professional Law Corporation
7

8                                                   By:    /S/  Chant Yedalian
9                                                          CHANT YEDALIAN
                                                           Counsel for Plaintiff
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28